### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DANIEL R. SEIFERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2219 RBW |
| | ) | |
| DONALD C. WINTER | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

_____

### DEFENDANT DEPARTMENT OF NAVY'S MOTION FOR SUMMARY JUDGMENT

Department of Navy ("Navy"), through undersigned counsel, hereby moves this Honorable Court to grant judgment for the Navy pursuant to Rule 56(c) of the Federal Rules of Civil Procedure in that there is no genuine issue as to any material fact alleged in Plaintiff's complaint, which entitles the Navy to judgment as a matter of law, as more fully set forth in the memorandum of law attached hereto.

Respectfully submitted,

_____//_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____//_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____//_____
ALEXANDER D. SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236


Of Counsel:
Lieutenant Brian J. Halliden
Department of the Navy
Office of the Judge Advocate General

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DANIEL R. SEIFERT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    Civil Action No. 06-2219 RBW |
| | ) |
| DONALD C. WINTER | ) |
| Secretary of the Navy, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff brings this suit under the Administrative Procedures Act (APA), seeking correction of his military service record and reinstatement to the rank of Lieutenant Colonel following his involuntary retirement from the United States Marine Corps due to his own misconduct.  Compl. ¶ 29.

Following a number of hearings and reviews, the Plaintiff was lawfully involuntarily retired from the United States Marine Corps in the rank of Major due to his own misconduct.  Plaintiff twice appealed this decision to the Board for Correction of Naval Records (BCNR), which compiled a substantial administrative record and determined that both the Plaintiff's retirement grade and involuntary retirement decisions were legally sound.

3

Plaintiff's Complaint alleges that the BCNR acted arbitrarily and capriciously in denying his petitions for correction of his military service record and reinstatement to the rank of Lieutenant Colonel.

The Department of the Navy is entitled to summary judgment because no genuine issue of material fact exists that the defendant's actions were not unreasonable, arbitrary or capricious, and were in accordance with the controlling regulations.

<u>**STATEMENT OF FACTS**</u>

Plaintiff, Daniel R. Seifert, entered active duty as an officer in the United States Marine Corps on February 16, 1978. A.R. 38. On October 27, 1999, Plaintiff was living in military housing at Naval Air Station Patuxent River, MD.  Compl ¶ 8. On that date, Plaintiff was removed from his residence by military police for assaulting his 10-year old stepson.  A.R. 271-274. Plaintiff was issued a military protective order to have no contact with his spouse, which he violated on June 9, 2000. A.R. 64-66.

On December 29, 2000, the Commanding General, Marine Corps Base Quantico imposed non-judicial punishment (NJP) upon plaintiff for disobeying a lawful order, false official statement, and assault upon a child in violation of the Uniform

Code of Military Justice[1]. A.R. 64-66.  Plaintiff plead guilty to eleven counts of the offenses pursuant to a pre-trial agreement. Compl. ¶ 12.

On June 27, 2001, a Board of Inquiry was convened to determine whether the Plaintiff should be involuntarily retired from the United States Marine Corps. Compl. ¶ 14. The Board of Inquiry recommended that the plaintiff be involuntarily retired in the rank of Lieutenant Colonel. Compl. ¶ 14.

On August 14, 2001, the Plaintiff was provided a copy of the Board of Inquiry transcript and afforded a 10-day comment period. A.R. 88.  On January 16, 2002, the Plaintiff delivered to the Assistant Secretary of the Navy for Manpower and Reserve Affairs (ASN)  his statement in response to the Board of Inquiry. Compl. ¶ 19. On the same day, the ASN directed the Plaintiff be involuntarily retired in the rank of Major. Compl. ¶ 19-20.

On July 17, 2002, Plaintiff petitioned BCNR to correct his naval record by removing any documents relating to his involuntary retirement at the rank of Major. Compl. ¶ 22. On September 1, 2002, the Plaintiff was involuntarily retired from the United States Marine Corps at the rank of Major. Compl. ¶ 23. On June 21, 2004, the BCNR denied Plaintiff's petition to correct

---

[1] NJP is an administrative proceeding at which the military commander may issue administrative sanctions.  See 10 U.S.C. § 815.  Service members have the right to refuse NJP and elect trial by court-martial, with limited exceptions not applicable here.

his naval record by removing documents relating to his

involuntary retirement. Compl. ¶ 24.

On June 19, 2005, Plaintiff filed a second petition with the

BCNR seeking correction of his naval record by removing documents

relating to his reduction in rank to Major and his involuntary

retirement. Compl. ¶ 25. On November 20, 2006, the BCNR denied

Plaintiff's second petition for correction of his naval record

finding insufficient evidence to establish the existence of

probable material error or injustice. Compl. ¶ 26.

On December 27, 2006, Plaintiff filed this action

challenging the BCNR's denials of his petitions seeking

correction of his naval record.

## ARGUMENT

**I.  The Court Should Grant Summary Judgment for the Defendant Because The BCNR's Action Was Rational And Well Supported By The Record**

### A.  Standard of Review.

Summary judgment shall be granted to the moving party if

"there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c). The moving party bears the initial

responsibility of demonstrating to the court the absence of a

genuine issue of any material fact. Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986). Therefore, "only disputes over facts

that might affect the outcome of the suit . . . will properly

preclude the entry of summary judgment."  <u>Id</u>.

Judicial review of military personnel decisions is not a *de novo* review of the underlying issues.  The court must consider whether the Secretary acted arbitrarily and capriciously in applying his "broad grant of discretion" concerning military personnel decisions.  <u>Kreis v. Secretary of the Air Force</u>, 866 F.2d 1508, 1514-15 (D.C. Cir. 1989).  For example, the Secretary or his designee "may correct any military record" when "the Secretary considers it necessary to correct an error or remove an injustice."  10 U.S.C. § 1552(a).  The Secretary may rely on a "presumption of regularity to support the official actions of public officers and, in the absence of substantial evidence to the contrary, will presume that they have properly discharged their official duties."  <u>See</u> 32 C.F.R. § 723.3(e)(2).

Military personnel decisions are entitled to an "unusually deferential standard of review."  <u>Cone v. Caldera</u>, 223 F.3d 789, 793 (D.C. Cir. 2000) (quoting <u>Kreis</u>, 866 F.3d at 1513-14); <u>Roetenberg v. Air Force</u>, 73 F. Supp. 2d 631, 636 (E.D. Va. 1999). Moreover, once the Secretary fairly considers all the evidence in the record, he is "free to draw his own reasonable inferences and conclusions from the evidence before him."  <u>See</u> <u>Mudd v. Caldera</u>, 134 F. Supp. 2d 138, 143 (D.D.C. 2001) (citing <u>Mail Order Ass'n of America v. United States Postal Serv.</u>, 2 F.3d 408, 421 (D.C. Cir. 1993)).  All the Secretary must do is provide a rational

7

explanation for the decision based on the record evidence.  <u>See</u> 5 U.S.C. §§ 706(2)(A), 706(2)(E); <u>Manufacturers Ass'n v. State Farm Mutual Auto. Ins. Co.</u>, 463 U.S. 29, 43 (1983); <u>Frizelle v. Slater</u>, 111 F.3d at 176; <u>Kreis</u>, 866 F.2d at 1514-15; <u>Miller</u>, 801 F.2d at 497.

In short, the Court's task in reviewing military personnel decisions under the APA is to determine whether "the decision making process was deficient, not whether [the] decision was correct."  <u>Dickson v. Secretary of Defense</u>, 68 F.3d 1396 (D.C. Cir. 1995) (quoting <u>Kreis</u>, 866 F.2d at 1511).  "The Secretary may . . . have a reason for considering that it is not necessary to alter an applicant's military record in order to correct even an undisputed error or to remove even a conceded injustice."  <u>Kreis</u>, 866 F.2d at 1514.

### B. The BCNR's Decision To Deny Correction of Plaintiff's Military Record Was Well Supported By The Record, Not <u>Arbitrary and Capricious, and Not Contrary to the Law.</u>

Plaintiff alleges that the BCNR's decision to deny his petition for correction of his military record was arbitrary and capricious.  Compl. ¶ 28.  However, this is meritless.  BCNR exercised decision-making discretion under 10 U.S.C. § 1552 in a reasoned manner based upon the evidence.

Under 10 U.S.C. § 1552, the Secretary is authorized to "correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or

remove an injustice" and is empowered to promulgate implementing
regulations.  10 U.S.C. 1552(a).  Under the Navy's implementing
regulations, the authority to correct Naval records is delegated
to the BCNR.  32 C.F.R. § 723.6.

Plaintiff challenges, as arbitrary and capricious, the
BCNR's determination not to remove from his military record
documents pertaining to his guilty plea at NJP.  Compl. ¶ 25.
Because denial of Plaintiff's petition was legally sound, as
found by the BCNR, and because the BCNR's finding of no injustice
was rational and supported by the record, the Navy should be
granted summary judgment.

The APA empowers agencies to determine whether procedural
compliance, or lack thereof, was prejudicial.  <u>Steel Mfrs. Ass'n
v. EPA</u>, 27 F.3d 642, 649 (D.C. Cir. 1994); <u>Wolfe v. Marsh</u>, 835
F.2d 354, 359 (D.C. Cir. 1987).  Agency procedural error requires
automatic reversal only where the error is fundamental.  <u>Wolfe</u>,
835 F.2d 354, 358 (D.C. Cir. 1987).  Thus, the procedural aspects
of Plaintiff's NJP are subject to harmless error analysis.

The BCNR in its review of the record found that Plaintiff
had pleaded guilty to all charges at NJP as part of a pre-trial
agreement and did not appeal his punishment. <u>See</u> A.R. 9-15.
These facts rationally led the BCNR to reject the contention that
Plaintiff's NJP was unlawful.

Based on the amount of evidence to support the rational

conclusion that Plaintiff's NJP was lawful, the BCNR was then able to proceed to the determination that Plaintiff was not prejudiced by any procedural failure as part of his NJP. A.R. 9-15.

The burden is on the petitioner to establish error or injustice and to present "substantial evidence" to overcome the presumption of regularity. <u>See</u> 32 C.F.R. § 723.3(e)(2). The Plaintiff twice failed to provide substantial evidence that an error or injustice had occurred by his involuntary retirement in the rank of Major. The BCNR considered each of the Plaintiff's contentions that the ASN acted improperly in coming to its decision. A.R. 9-15.

Specifically, the BCNR rejected Plaintiff's claim that the ASN's decision to retire him in the grade of major was arbitrary and capricious. Citing <u>Chappel v. Wallace</u>, 462 U.S. 296, 303 (1983), the BCNR properly found that because the ASN's action was supported by a thorough review of Plaintiff's record and input from a Board of Inquiry, Plaintiff's chain of command, and the Deputy Commander for Manpower and Reserve Affairs, the decision to retire Plaintiff in the grade of major was supported by substantial evidence. A.R. 11-12. In addition, the BCNR explained that Navy regulations did not "require" consideration or listing of certain factors before rendering a decision, and, in fact, the ASN is provided wide discretion in acting on

10

separation cases.  A.R. 12.  The seriousness of the
"substantiated misconduct" in Plaintiff's case was the clearly
stated rationale for his being retired in the grade of major.
A.R. 12.

The BCNR also addressed and rejected Plaintiff's allegation
that improper material was considered by the ASN.  A.R. 12.  A
nonpunitive letter provided to the Board of Inquiry was over
twenty years old, and the BOI was instructed to remove and
disregard it completely.  Plaintiff was given an unchallenged
opportunity to explain the circumstances surrounding the letter
in any event.  At worst, the submission of the letter was
harmless error, and the BCNR correctly pointed out that the BOI's
decisions were not based upon Plaintiff's actions of twenty years
ago.  A.R. 13.  In response to Plaintiff's complaints about the
consideration of any documents over five years old, the BCNR
explained that Navy regulations allow the BOI to consider such
matters if they do not form the sole basis for separation. A.R.
13.  Finally, the BCNR disagreed that statements in the
Government's documents were misleading, because the
representations about Plaintiff's actions and the findings of the
BOI were accurate. A.R. 13-14.

Plaintiff's allegations that he was denied due process also
were considered and properly found to be incorrect by the BCNR.
A.R. 14.  While conceding that he received notice of the ten-day

deadline for filing matters for consideration, Plaintiff complained that this notice was "located toward the back" of the package and that document setting forth the deadline was "blank." A.R. 14. The BCNR noted that Plaintiff requested that the BOI report be sent directly to him, and not to his counsel, thus the certificate of service portion was not completed. Importantly, the certificate of service page still clearly set forth the ten-day deadline. A.R. 14.

Finally, Plaintiff's argument that he was the subject of unfair treatment was found to be groundless, as double jeopardy applies only to criminal punishments. Naval regulations supply no basis for Plaintiff's contention that he was the victim of "administrative double jeopardy." A 1996 administrative decision not to require Plaintiff to show cause in no way prevents subsequent consideration of this misconduct as it complied with Navy regulations on limitations to processing for separation. A.R. 14-15.

The BCNR rejected each of these contentions after fully considering them in light of the ample administrative record. A. R. 7-15. The BCNR found no material error or injustice had occurred and was well within its discretion in declining to grant Plaintiff relief.

Plaintiff fails to carry his burden of establishing that the BCNR's action was arbitrary and capricious, unsupported by the

record, or contrary to law.  In light of the deference granted to the Secretary in making military personnel decisions, the BCNR's decision should be upheld.  Defendant is therefore entitled to summary judgment on any APA claim asserted by the Complaint.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that summary judgment be entered for the Defendant as a matter of law.

Respectfully submitted,


__/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney



__/s_/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney



__/s/_____
ALEXANDER D. SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4818
Washington, D.C.  20530
(202) 514-7236


Of Counsel:
Lieutenant Brian J. Halliden
Department of the Navy
Office of the Judge Advocate General

13

14

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANIEL R. SEIFERT,                )
                                  )
    Plaintiff,             )
                                  )
    v.                     )    Civil Action No. 06-2219 RBW
                                  )
DONALD C. WINTER                  )
Secretary of the Navy,            )
                                  )
    Defendant.             )
_____

## DEFENDANT'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE DISPUTE

1. Plaintiff, Daniel R. Seifert, entered active duty as an officer in the United States Marine Corps on February 16, 1978. A.R. 38.

2. On October 27, 1999, Plaintiff was living in military housing at Naval Air Station Patuxent River, MD.  Compl ¶ 8. On that date, Plaintiff was removed from his residence by military police for assaulting his 10-year old stepson.  A.R. 271-274.

3. Plaintiff was issued a military protective order to have no contact with his spouse, which he violated on June 9, 2000. A.R. 64-66.

4. On December 29, 2000, the Commanding General, Marine Corps Base Quantico imposed non-judicial punishment (NJP) upon plaintiff for disobeying a lawful order, false official statement, and assault upon a child in violation of the Uniform

Code of Military Justice[1]. A.R. 64-66.

    5. Plaintiff plead guilty to eleven counts of the offenses pursuant to a pre-trial agreement. Compl. ¶ 12.

    6. On June 27, 2001, a Board of Inquiry was convened to determine whether the Plaintiff should be involuntarily retired from the United States Marine Corps. Compl. ¶ 14.

    7. The Board of Inquiry recommended that the plaintiff be involuntarily retired in the rank of Lieutenant Colonel. Compl. ¶ 14.

    8. On August 14, 2001, the Plaintiff was provided a copy of the Board of Inquiry transcript and afforded a 10-day comment period. A.R. 88.

    9. On January 16, 2002, the Plaintiff delivered to the Assistant Secretary of the Navy for Manpower and Reserve Affairs (ASN) his statement in response to the Board of Inquiry. Compl. ¶ 19.

    10. On the same day, the ASN directed the Plaintiff be involuntarily retired in the rank of Major. Compl. ¶ 19-20.

    11. On July 17, 2002, Plaintiff petitioned BCNR to correct his naval record by removing any documents relating to his involuntary retirement at the rank of Major. Compl. ¶ 22.

---

[1] NJP is an administrative proceeding at which the military commander may issue administrative sanctions. See 10 U.S.C. § 815. Service members have the right to refuse NJP and elect trial by court-martial, with limited exceptions not applicable here.

12. On September 1, 2002, the Plaintiff was involuntarily retired from the United States Marine Corps at the rank of Major. Compl. ¶ 23.

13. On June 21, 2004, the BCNR denied Plaintiff's petition to correct his naval record by removing documents relating to his involuntary retirement. Compl. ¶ 24.

14. On June 19, 2005, Plaintiff filed a second petition with the BCNR seeking correction of his naval record by removing documents relating to his reduction in rank to Major and his involuntary retirement. Compl. ¶ 25.

15. On November 20, 2006, the BCNR denied Plaintiff's second petition for correction of his naval record finding insufficient evidence to establish the existence of probable material error or injustice. Compl. ¶ 26.

16. On December 27, 2006, Plaintiff filed this action challenging the BCNR's denials of his petitions seeking correction of his naval record.

Respectfully submitted,

__/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

3

                                                    ___/s/_____
                          _____
                          ALEXANDER D. SHOAIBI, D.C. Bar #423587
                          Assistant United States Attorney
                          5O1 Third Street, N.W., Rm E-4818
                          Washington, D.C.  20530
                          (202) 514-7236


Of Counsel:
Lieutenant Brian J. Halliden
Department of the Navy
Office of the Judge Advocate General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DANIEL R. SEIFERT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-2219 RBW** |
| | ) | |
| **DONALD C. WINTER** | ) | |
| **Secretary of the Navy,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER**

Upon consideration of Defendant's Motion for Summary Judgment, and the opposition thereto, and the Court having considered the entire record herein, it is hereby,

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendant, and that this matter is hereby DISMISSED WITH PREJUDICE.

This is a final, appealable order.

Dated this _____ day of _____, 2007.

_____
Reggie B. Walton
United States District Judge