UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL R. SEIFERT**     )<br>                              )<br>    **Plaintiff,**              )<br>                              )<br>        v.                    )<br>                              )<br>**DONALD C. WINTER**    )<br>                              )<br>    **Defendant.**           )<br>_____) | Civil Action No. 06-2219 RBW |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR
SUMMARY JUDGMENT**

Defendant, the Secretary of the Navy, hereby respectfully replies to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Defendant also opposes Plaintiff's Cross-Motion for Summary Judgment.

**INTRODUCTION**

Plaintiff's opposition and cross-motion argue that his reduction in rank and involuntary retirement on September 1, 2002 were unlawful and that the Board for Correction of Naval Records (BCNR) acted arbitrarily and capriciously in determining not to remove from his record documents pertaining to his voluntary guilty plea at non-judicial punishment (NJP). But the Plaintiff has failed to show that the BCNR's actions were not substantially supported by the administrative record and arbitrary, capricious, or contrary to the law or applicable agency regulations. The BCNR, relying on the entire record, rationally and correctly denied the Plaintiff's requests to remove from his personnel record documents related to his NJP and to reinstate him to active duty in the rank of Lieutenant Colonel.

Therefore, the Court should enter summary judgment for the Defendant and deny the Plaintiff's cross-motion.

## ARGUMENT

I. **THE COURT SHOULD GRANT SUMMARY JUDGMENT TO THE DEFENDANT BECAUSE THE BCNR'S DECISION NOT TO CORRECT PLAINTIFF'S MILITARY RECORD WAS NOT ARBITRARY AND CAPRICIOUS AND SHOULD BE UPHELD.**

   **A. Plaintiff Failed to Present BCNR With Substantial Evidence of Error or Injustice Justifying Removal of NJP Documents From His Record.**

In this jurisdiction, military personnel decisions are afforded a higher level of deference than civilian administrative agencies. See Calloway v. Brownlee, 366 F. Supp. 2d 43, 53 (D.D.C. 2005) (citing Kreis v. Air Force, 866 F.2d 1508, 1514-1515 (D.C. Cir. 1989)). "This deferential standard is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." Cone v. Caldera, 223 F.3d 789, 793 (D.C. Cir. 2000). A military board's decision will be sustained if it minimally contains a rational connection between the facts found and the choice made. See Frizelle v. Slater, 111 F.3d 172, 176 (D.C. Cir. 1997). Further, the Plaintiff bears the burden of showing by "cogent and convincing evidence" that the BCNR's decisions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See Stem v. England, 191 F. Supp. 2d. 1, 3 (D.D.C. 2001).

This Court should defer to the BCNR's review and decisions because the administrative record substantially supports them. It is uncontroverted that a three-member panel of the BCNR

twice convened in 2004 and 2006 to consider the Plaintiff's petitions for relief. AR at 7-8, 118-119. That panel reviewed an administrative record of almost four hundred pages of documents including Plaintiff's entire military service record. In addition, the BCNR twice sought and received advisory opinions concerning the Plaintiff's allegations from the Military Law Branch, Headquarters United States Marine Corps. AR at 9-19. The BCNR shared these opinions with the Plaintiff and sought and received his rebuttal. AR at 7-8, 20-22. Also, contrary to the insinuations of the Plaintiff, the BCNR considered his lengthy submissions in support of the petitions for relief. AR at 7-8, 118-119.

The BCNR provided a detailed, logical, and substantially supported rationale for its decisions and specifically adopted the opinions of the Military Law Branch as its own. AR at 7-8, 118-119. The BCNR twice denied relief because the Plaintiff failed to provide the BCNR with any evidence of a material error or injustice warranting correction of his record.

It is the Plaintiff's burden to provide BCNR with any evidence of material error or injustice. In his complaint and cross-motion, the Plaintiff fails to provide any evidence of material error or injustice or to provide cogent and convincing evidence that the BCNR's decisions were arbitrary and capricious. Instead, the Plaintiff chose to rehash old and failed arguments concerning the NJP at which he voluntarily pleaded guilty in December 2000 and chose not to appeal. The BCNR specifically considered each and every one of the failed arguments that the Plaintiff now attempts to raise again before this Court. AR at 7-8, 118-119.

In the advisory opinions sought by the BCNR and adopted by it as part of its decisions, the BCNR considered the jurisdictional issues related to the Plaintiff's NJP. The BCNR found that the Plaintiff was properly charged by the Commander, Marine Corps Base Quantico

3

(MCBQ) as the next higher superior commander in accordance with Rules for Court Martial (RCM) 407 and 601. The BCNR further found that the Plaintiff, through his counsel, specifically requested NJP by the Commander MCBQ, pleaded guilty, and chose not to appeal the NJP. AR 9-19. It is highly disingenuous for the Plaintiff years later seek to challenge the disposition of his misconduct when he actively sought this particular outcome.

      The BCNR also considered the lawfulness and effect of matters considered by the Board of Inquiry (BOI), including misconduct more than five years previous to the current misconduct. The BCNR found that the BOI ultimately disregarded the material relating to old misconduct, basing its decision solely on the current misconduct by the Plaintiff. AR 9-19. Contrary to the assertions of the Plaintiff, SECNAVINST 1920.6B allows for consideration of matters more than five years prior as long as they do not form the basis for processing. The Plaintiff concedes that the BOI did not use this evidence of old misconduct as its basis for processing, but instead invites the Court to speculate about the propriety of the members of the BOI in discharging their duties. Opp. at 17. This invitation to speculation without a shred of evidence to support it flies directly in the face of the high degree of deference shown to the military in personnel matters and the presumption that administrators of the military discharge their duties correctly, lawfully, and in good faith including those officers who are charged with rating the performance of other officers. See Calloway at 54. Paradoxically, the Plaintiff attempts to argue that despite the BOI's supposed consideration of "improper" material, the Assistant Secretary of the Navy(ASN) should have followed the recommendation of the BOI to retire him in the rank of Lieutenant Colonel. Opp. at 19.

The decision of the ASN to involuntarily retire the Plaintiff in the rank of Major was given full consideration by the BCNR. The BCNR found that the ASN had considered the Plaintiff's entire record, and articulated a satisfactory rationale for his action based upon the serious misconduct committed by the Plaintiff. AR 9-19. Contrary to the assertions of the Plaintiff, the ASN is not bound under SECNAVINST 1920.6B to articulate each and every factor considered in making his decision. SECNAVINST 1920.6B, Enclosure 6 ¶ 1(b). Rather the SECNAVINST merely sets out six factors that normally should be considered with no requirement that the ASN articulate each and every factor in his final decision.

Based on this record, the BCNR reasonably denied the Plaintiff's requests. This decision was not arbitrary, capricious, an abuse of discretion, unsupported by the record, or contrary to law. Given the judicial deference afforded to the Navy on military personnel matters, the BCNR's decision should be upheld and this Court should enter summary judgment in favor of the Defendant.

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court enter summary judgment in favor of the Defendant.

Respectfully Submitted,

/s/ Jeffrey A. Taylor
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/Alexander D. Shoaibi
_____
ALEXANDER D. SHOAIBI, D.C. Bar #423587
Assistant United States Attorney
United States Attorney's Office for the
 District of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4218
Washington, D.C. 20530
Ph:  (202) 514-7236
Fax: (202) 514-8780




Of Counsel:
Lieutenant Brian J. Halliden
Department of the Navy
Office of the Judge Advocate General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DANIEL R. SEIFERT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 06-2219 RBW** |
| v. | ) | |
| | ) | |
| **DONALD C. WINTER** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Defendant, Department of the Navy ("Navy"), through undersigned counsel, hereby submits this Response to Plaintiff's additional proposed statements of material facts. Defendant opposes the majority of Plaintiff's proposed statements of material fact as they contain argument, speculation, or conclusions of law. To the extent that the factual content is correct, Defendant's responses to each of Plaintiff's numbered paragraphs below indicates as such. Likewise, Defendant's objections are indicated in each corresponding paragraph. Defendant moves to strike the sentences or paragraphs objected to for failure to comply with Rule 56.1.

    1. Defendant admits Plaintiff did receive a characterization of service as Honorable through the rank of Major as indicated by his Certificate of Release or Discharge from Active duty. Defendant objects to the characterization of Plaintiff's retirement as unlawful or the implication that he served honorably during his entire career as argument and a conclusion of law.

    2. Defendant does not dispute Plaintiff's version of the events of October 27, 1999 with

his step-son.

3. Defendant does not dispute Plaintiff's version of the events of October 27, 1999 with his step-son.

4. Admitted.

5. Defendant admits that Plaintiff and Defendant entered into a negotiated pre-trial agreement in which Plaintiff was able to avoid prosecution at a General Court-Martial in exchange for his guilty pleas to some offenses at an Art. 15 non-judicial punishment proceeding. Defendant objects to the remainder of paragraph 5 as speculation and improper argument.

6. Admitted.

7. Defendant objects to paragraph 7 as improper argument and conclusions of law.

8. Defendant admits that the Commandant of the Marine Corps denied Plaintiff's request to voluntarily retire at the rank of Lieutenant Colonel, and directed plaintiff to show cause for retention in the U.S. Marine Corps. Defendant further admits that a Board of Inquiry (BOI) composed of three officers of the rank of colonel was convened to determine whether plaintiff should be involuntarily retired, and at what rank, from June 27 through June 29, 2001. Defendant admits the BOI recommended the Plaintiff be involuntarily retired in the rank of Lieutenant Colonel. Defendant objects to the remainder of paragraph 8 as improper argument and conclusions of law.

9. Defendant objects to paragraph 9 as improper argument and conclusions of law.

10. Admitted.

11. Defendant does not dispute Plaintiff's characterization of the Deputy Commandant for Manpower and Reserve Affairs' endorsement to the Assistant Secretary of the Navy for

Manpower and Reserve Affairs (ASN(M&RA)).

12. Defendant admits that the ASN(M&RA) involuntarily retired plaintiff in the grade of major. Defendant objects to the remainder of paragraph 12 as speculation and improper argument.

13. Defendant does not dispute Plaintiff's characterization of the contents of his own appeal letter to the ASN(M&RA), but that document is the best evidence of its content.

14. Defendant does not dispute Plaintiff's characterization of the contents of his own petition letter to the Board of Correction for Naval Records (BCNR), but that document is the best evidence of its content.

15. Defendant does not dispute Plaintiff's characterization of the contents of his own second petition letter to BCNR, but that document is the best evidence of its content.. Defendant objects to the remainder of paragraph 15 as improper argument.

16. Defendant admits that BCNR denied Plaintiff's petition on June 21, 2004. Defendant objects to Plaintiff's characterization that his retirement was "unlawful" as improper argument and a conclusion of law.

17. Defendant does not dispute Plaintiff's characterization of the contents of his own third petition to BCNR, but that document is the best evidence of its content.

18. Defendant admits that BCNR denied Plaintiff's additional petition on November 20, 2006. Defendant objects to the remainder of paragraph 18 as improper argument.

For the reasons stated above, Defendant objects to either all or portions of the following paragraphs as containing improper argument and/or conclusions of law: 1, 5, 6, 7, 8, 9, 12, 15, 16, 18. Defendant moves to strike these paragraphs for failure to comply with Rule 56.1 See Robertson v. American Airlines, Inc., 239 F. Supp.2d 5 (D.D.C. 2002)(Motion for Summary

Judgment defeated as it did not comply with the rule because the statement of material facts "liberally mixes facts with argument" (citing Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145 (D.C. Cir. 1996)).

For the reasons stated in Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment, as well as for the reasons stated above, Defendant respectfully requests that this Court grant Defendant Summary Judgment.

Respectfully submitted,

\_\_\_/s\_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

\_\_/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236


Of Counsel:

Lieutenant Brian J. Halliden
Department of the Navy
Office of the Judge Advocate General