UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL R. SEIFERT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-2219 (RBW) |
| ) | |
| DONALD C. WINTER ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY
TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This action seeks review of the decisions of the Board for Correction of Naval Records (BCNR) dated June 21, 2004, and November 20, 2006. Both decisions are final agency decisions under the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et. seq.* This action arises because the BCNR, acting for the defendant, failed to correct errors and remove injustices that followed from the Department of the Navy's failure to comply with applicable statutes and regulations in its dealings with the plaintiff. The failure of the BCNR to properly correct plaintiff's military records and require compliance with applicable statutes and regulations violated the plaintiff's right pursuant to 10 U.S.C. § 1552.

In his cross motion for summary judgment, plaintiff argues that plaintiff's involuntary retirement and reduction in rank were unlawful because they violated pertinent statutes and regulations. The failure to follow procedures required by law rendered the decisions of the BCNR arbitrary and capricious and requires the decisions to be set aside. Specifically, plaintiff

argues that (1) plaintiff's involuntary retirement and reduction in rank were unlawful because the actions considered and relied upon plaintiff's receipt of non-judicial punishment that was imposed without jurisdiction, (2) plaintiff's involuntary retirement was unlawful because the Board of Inquiry (BOI) considered and substantiated alleged acts of misconduct that were time-barred by naval regulation, and (3) plaintiff's reduction in rank was improper because the Assistant Secretary of the Navy for Manpower and Reserve Affairs ASN (M&RA) failed to comply with SECNAVINST 1920.6B, Enclosure 6.  In his reply to plaintiff's cross motion for summary judgment, defendant fails to address the arguments advanced by plaintiff.  Instead defendant reiterates the findings of the BCNR and suggests that because the decisions of the BCNR are entitled to deference on appeal, they should be affirmed.

## ARGUMENT

**Plaintiff Is Entitled To Summary Judgment Because The Decisions Of The BCNR, Acting For The Defendant, Are Arbitrary, Capricious, An Abuse Of Discretion, Or Otherwise Not In Accordance With Law.**

In this case the parties agree that when reviewing agency action pursuant to the APA, the Court must determine whether the challenged decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  The parties also agree a military correction board, like the BCNR, is afforded a higher level of deference than civilian administrative agencies. *Kreis v. Air Force*, 866 F.2d 1508, 1514-1515 (D.C. Cir. 1989); *Delano v. Roche*, 2006 U.S. Dist. LEXIS 66860, 14.  The fact, however, that the decisions of the BCNR are entitled to deference by this Court does not mean that they must be affirmed.  Although the agency's action is entitled to deference and a presumption of regularity, this Court must engage in a "thorough, probing, in-depth review" to determine "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of

judgment." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415-416 (1971). Moreover, even in matters of agency expertise, "the degree of deference a court should pay an agency's constructions . . . is affected by the thoroughness, validity and consistency of [the] agency's reasoning." *Muwekma Ohlone Tribe,* 452 F. Supp. 2d 105, 114-115 (D.D.C. 2006); *FEC v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 37 (1981). As is the case here, an agency action is arbitrary and capricious if the agency failed to follow procedure required by law or has entirely failed to consider an important aspect of the case presented to them. *Delano v. Roche*, 2006 U.S. Dist. LEXIS 66860, 14; *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 53 (D.D.C. 2005) (citing *Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (U.S. 1983)).

  In his defense of the BCNR decisions, defendant parrots the findings of the BCNR decisions on review but completely avoids the arguments advanced by plaintiff in his cross motion for summary judgment. The non-responsive nature of defendant's pleadings are illustrated in the following examples.

  (1) <u>Non-Judicial Punishment (NJP) imposed without jurisdiction</u>. Plaintiff argues that his involuntary retirement and reduction in rank were unlawful because the actions considered and relied upon plaintiff's receipt of NJP that was imposed without jurisdiction. In support of this argument plaintiff, citing 10 U.S.C. § 815(b)(1) and other military and naval regulations, noted that a commanding officer may only impose NJP "*upon officers of his command*." (Emphasis added); AR 95. In this case the record is undisputed that plaintiff's NJP was imposed by the Commanding General (CG) of Marine Corps Base Quantico, Virginia (MCBQ) and that plaintiff was not a member of this command. Accordingly, plaintiff asserts that the NJP was jurisdictionally defective and was improperly considered in his involuntary retirement and

3

reduction in rank. Defendant's response, like the Marine Corps advisory opinion adopted by the November 20, 2006, BCNR decision, neither disputes the legal authority nor the facts relied upon by plaintiff in advancing this argument. Moreover, the defendant offers no argument or explanation of how the BCNR's failure to cure a NJP imposed without proper jurisdiction does not render the BCNR decision arbitrary and capricious because if failed to follow procedure required by law. This failure is especially disconcerting because, upon discovery of the jurisdictional impropriety, plaintiff submitted a new application to the BCNR based upon new and material evidence in an effort to allow the BCNR to correct this error. Complaint ¶¶ 25, 26; AR 131-133 (referenced enclosures found at AR 180-397); *see also* AR 16-19 (Marine Corps advisory opinion); AR 20-22 (applicant's response to Marine Corps advisory opinion), AR 95-111 (exhibits from applicant's response to Marine Corps advisory opinion); AR 118-119 (BCNR decision). Neither the November 20, 2006, decision of the BCNR, nor the Marine Corps advisory opinion relied upon, nor the defendant's pleadings in this case have yet to acknowledge the undisputed jurisdictional facts or address the legal consequences of proceeding without jurisdiction.

     Defendant's only comment bearing on this argument is the assertion: "It is highly disingenuous for the Plaintiff years later [to] seek to challenge the disposition of his misconduct when he actively sought this particular outcome." Defendant's Reply at 4. However, as plaintiff previously noted, the fact that plaintiff agreed to plead guilty at NJP in order to avoid a general court martial could not confer jurisdiction upon the CG, MCBQ, to impose NJP. Jurisdiction must be granted by statute or regulation. The military's own Manual for Courts-Martial, Rule 705 (Pretrial agreements) explicitly confirms that plaintiff's pretrial agreement could neither consent to jurisdiction nor waive a jurisdictional defect. AR 102. Rule 705(c) specifically states

4

that "the accused may waive many matters *other than jurisdiction*." (Emphasis added). Defendant's response does not challenge this analysis and fails to offer any alternative analysis.

    (2) <u>Consideration of Time Barred Acts</u>. Plaintiff argues that his involuntary retirement was unlawful because the Board of Inquiry (BOI) considered and substantiated alleged acts of misconduct that were time-barred by naval regulation. In support of this argument, plaintiff, citing SECNAVINST 1920.6B, Enclosure (4), ¶10.e, noted that performance or conduct identified more than 5 years prior to the initiation of processing for separation could not be considered in the plaintiff's BOI as a grounds for separation. As conceded by plaintiff, the Marine Corps advisory opinion adopted by the June 21, 2004, decision of the BCNR properly observed that conduct and performance more than five years old could properly be considered for retirement grade determinations, character of service, and other matters not related to plaintiff's involuntary separation.[1] The plaintiff, however, citing to AR 78-82, conclusively demonstrated that the time-barred conduct was not used for a lawful and legitimate purpose but

---

[1] Plaintiff has used the terms "involuntary separation" and "involuntary retirement" interchangeably throughout his pleadings. Naval regulation defines "separation" as follows: "A general term which includes discharge, dismissal, dropping from the rolls, revocation of an appointment or commission, termination of an appointment, <u>retirement,</u> or resignation." SECNAVINST 1920.6B, Enclosure (1), ¶ 37 (emphasis added). Plaintiff wishes to emphasize, that once a proper authority determines a retirement eligible officer should be separated by involuntary retirement, a separate and distinct decision must also be made to determine the officer's retirement grade. The separation/retirement decision and the retirement grade determination are two different decisions. *See* AR 78-79 (BOI's separation decision labeled "Step One" and retirement grade decision labeled "Step Two"). Although conduct and performance identified more than five years previously may properly be used in the retirement grade determination, in this case it was unlawfully considered as part of the "involuntary separation" or "involuntary retirement" decision. *See generally,* Plaintiff's Cross Motion for Summary Judgment at 14-17.

5

was instead impermissibly and expressly used to consider plaintiff's involuntary retirement/separation in direct violation of the regulation.[2]

Defendant's sole response to this argument is to cite and parrot the finding contained in the Marine Corps advisory opinion that is factually inaccurate and omits any discussion or examination of the purpose for which the time-barred conduct was actually used.  Defendant's Reply at 4.  Defendant offers no comment or argument to rebut plaintiff's argument.  Moreover, defendant provides no suggestion or analysis of why the direct violation of SECNAVINST 1920.6B, Enclosure (4), ¶10.e, does not render the decision of the BCNR arbitrary and capricious because it failed to follow procedure required by law.

(3)  The ASN (M&RA) failed to comply with SECNAVINST 1920.6B, Enclosure 6.

Plaintiff argues that the ASN (M&RA) failed to comply with SECNAVINST 1920.6B, Enclosure 6.  The provisions of SECNAVINST 1920.6B, Enclosure 6, ¶1(a) require, in pertinent

---

[2]  Defendant's Reply at 4 states:

> Contrary to the assertions of the Plaintiff, SECNAVINST 1920.6B allows for consideration of matters more than five years prior as long they do not form the basis for processing.  The Plaintiff concedes that the BOI did not use this evidence of old misconduct as its basis for processing, but instead invites the Court to speculate about the propriety of the members of the BOI in discharging their duties.

Defendant either misreads or misrepresents plaintiff's cross motion for summary judgment.  Contrary to defendant's assertion, the plaintiff's Cross Motion for Summary Judgment at 15 states:

> Although plaintiff agrees that performance and conduct beyond the five-year limitation may be properly considered for matters other than processing for separation, in this case, the time-barred conduct was explicitly relied upon in considering plaintiff's separation, the very purpose that is explicitly prohibited.  Moreover, the administrative record contains no evidence to suggest that the time-barred conduct was used for any purpose other than plaintiff's involuntary retirement/separation.  Accordingly, the BOI's consideration of time-barred performance and conduct violated applicable law and was unlawful.

part, that a recommendation for reduction in rank "should be based on a determination made *after considering all relevant factors.*"  (Emphasis added).  Paragraph 1(b) then identifies six specific relevant factors to be considered.  When the ASN (M&RA) rejected the unanimous recommendations of the chain of command to retire plaintiff in the rank of lieutenant colonel and instead involuntarily retired plaintiff in the lower rank of major, his decision limited the explanation to the fact that it was "due to the seriousness of the misconduct involved."  AR 93.  This cryptic conclusion is particularly egregious in light of the fact that the ASN (M&RA) was provided unanimous recommendations to retire plaintiff in the rank of lieutenant colonel, based upon a thorough review of the relevant facts, by the Board of Inquiry, by the commanding general that convened the Board of Inquiry, and by the Deputy Commandant of the Marine Corps.  AR 82, 83 (¶ 1), 88-89 (¶ 9).  Because the explanation provided by the ASN (M&RA) only relied upon the first factor and completely omitted any mention of the remaining factors that favored a different outcome, plaintiff argues that his abbreviated explanation fails to comply with the requirements of SECNAVINST 1920.6B, Enclosure 6.

In his reply, defendant again parroting the language of the Marine Corps advisory opinion adopted by the BCNR, simply asserts that because the regulation sets out six factors that "should normally be considered" there was no requirement for the ASN (M&RA) to articulate an explanation that actually considered the factors listed in the regulation.  Defendant's Reply at 5.  Defendant makes no attempt to refute plaintiff's argument that compliance with the regulation was required as part of the holding of the Supreme Court that an agency is required to examine the relevant data and articulate a satisfactory explanation for its action including a "rational connection between the facts found and the choice made."  *Motor Vehicle Mfrs*, 463 U.S. at 43 (citing *Burlington Truck Lines, Inc. v. United States*, 371 U.S. at 168 (1962)); *see also,*

*Alpharma,* 460 F.3d at 6 (D.C. Cir. 2006).  In addition, defendant makes no attempt to explain why the failure to comment on the relevant factors specified in the regulation violate the injunction that an "agency must cogently explain why it has exercised its discretion in a given manner," and that explanation must be "sufficient to enable [a reviewing court] to conclude that the agency's action was the product of reasoned decisionmaking." *Id*. at 48, 52.  In this case, the defendant's position seems to be that ASN (M&RA) was not required to articulate an explanation that complied with a governing regulation and that this Court must defer to that explanation and the decision of the BCNR adopting it.

The Defendant's Reply in Support of his Motion for Summary Judgment and Opposition to Plaintiff's Cross Motion for Summary Judgment limits itself to parroting the BCNR decisions on appeal and avoids addressing the substantive arguments advanced by the plaintiff.  Although it is undisputed that this Court owes the decisions of the BCNR deference, defendant's plea to this Court to defer to the BCNR decisions without rebutting or providing a substantive analysis of the arguments advanced by plaintiff is a wholly inadequate defense.  Because the plaintiff has advanced compelling arguments to set aside the decisions of the BCNR and the defendant has not rebutted these arguments, this Court should find that the decisions of the BCNR are arbitrary and capricious and set them aside.

## CONCLUSION

The plaintiff's involuntary retirement and reduction in rank were unlawful because those actions failed to comply with applicable statutes and regulations.  The decisions of the BCNR declining to correct plaintiff's records are arbitrary and capricious and should be set aside with an order from this Court compelling the defendant to correct plaintiff's military records by:

a) removing all records relating to plaintiff's unlawful NJP, processing of or recommendations for plaintiff's involuntary retirement, and plaintiff's reduction in rank at retirement;

b) ordering that plaintiff's record be corrected to reflect that he was voluntarily retired effective September 1, 2002, as a lieutenant colonel, or alternatively, that plaintiff be reinstated to active duty as a lieutenant colonel effective September 1, 2002, the date of his unlawful retirement; or

c) alternatively, if the Court determines that the separation from active duty was lawful but the retirement grade determination was unlawful, order the Secretary of the Navy to remove from plaintiff's official military personnel file all records and correspondence related to plaintiff's reduction in rank to major at retirement, and

d) any other appropriate relief deemed necessary by this Court.

For the foregoing reasons, the Court should grant the plaintiff's cross motion for summary judgment, deny the defendant's motion for summary judgment, and enter judgment in favor of the plaintiff.

Respectfully submitted,

 /s/ Grant Lattin
Grant Lattin, DC Bar # 436051
Counsel for Plaintiff
Lattin & Bednar, LLP
11970 Shorewood Court
Woodbridge, Virginia 22192
Phone: (703) 490-0000
Fax: (703) 991-0454
Email: GLattin@ArmedForcesLaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL R. SEIFERT | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 06-2219 (RBW) |
| | ) |
| DONALD C. WINTER | ) |
| | ) |
|       Defendant. | ) |

## PLAINTIFF'S REPLY
## TO DEFENDANT'S RESPONSE
## TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

In his response to plaintiff's statement of material facts, defendant moves to strike paragraphs 1, 5, 6, 7, 8, 9, 12, 15, 16, and 18, asserting noncompliance with LCvR 56.1 because they contain improper argument and/or conclusions of law. The defendant's motion should be denied.

The plaintiff's statement of material facts consists of verbatim excerpts from the plaintiff's complaint. In this case, the defendant elected not to file an answer or other responsive pleading in response to plaintiff's complaint as required by Fed. R. Civ. P. Rule 12. As a result, pursuant to Fed. R. Civ. P. Rule 8(d), defendant admitted each and every averment in the complaint. Since each and every averment contained in plaintiff's Statement of Facts has been admitted by the defendant, there is no basis for striking any paragraph based upon an asserted failure to comply with LCvR 56.1.

Moreover, the defendant's reliance on *Robertson v. American Airlines, Inc.*, 239 F.Supp.2d 5 (D.D.C. 2002) as a basis for striking the specified paragraphs is inapposite. In

*Robertson*, the court ruled that the defendant failed to comply with LCvR 56.1 because a party's Statement of Facts was not separate and contained no citations to the record. The situation in *Robertson* is not present in this case. Plaintiff has filed a separate statement of facts and plaintiff's statement is well supported by appropriate citations to the record. The *Robertson Court* noted:

> Thanks to Rule 56.1, the district court is not "obligated to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make [an] analysis and determination of what may, or may not, be a genuine issue of material disputed fact." *Burke*, 286 F.3d at 518 (citing *Twist v. Meese*, 272 U.S. App. D.C. 204, 854 F.2d 1421, 1425 (D.C. Cir. 1988)). Instead, the rule "places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Jackson*, 101 F.3d at 151 (citing Twist, 854 F.2d at 1425).

*Robertson*, 239 F.Supp.2d at 4.

In this case, the plaintiff has not abrogated his responsibility to sift through the record and provide the court with a statement of undisputed material facts. Moreover, an examination of the parties separate statements of fact in this case reveals that there is little, if any disagreement, as to any material facts. As a result the defendant's motion to strike specified paragraphs from the plaintiff's statement of facts should be denied.

Respectfully submitted,

 /s/ Grant Lattin
Grant Lattin, DC Bar # 436051
Counsel for Plaintiff
Lattin & Bednar, LLP
11970 Shorewood Court
Woodbridge, Virginia 22192
Phone: (703) 490-0000
Fax: (703) 991-0454
Email: GLattin@ArmedForcesLaw.com

2